IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01216-NYW

FATIMA BAAYER,

    Plaintiff,

v.

JUDD KYLE SHADER, individually and in his official capacity as CEO of Leeds West Groups,

    Defendant.

---

## MEMORANDUM OPINION AND ORDER
---

Magistrate Judge Nina Y. Wang

This matter comes before the court on Defendant Judd Kyle Shader's ("Defendant" or "Mr. Shader") Motion to Dismiss [#5, filed June 6, 2018] under Rule 12(b)(6) for failure to state a claim ("Motion to Dismiss"). The Motion to Dismiss is before the court pursuant to the Order of Reference dated July 10, 2018 [#13; #14] and 28 U.S.C. § 636(c). The court has carefully considered the Motion and related briefing, the entire case file, and the applicable case law. For the following reasons, Defendant's Motion to Dismiss is **GRANTED**.

### BACKGROUND

Plaintiff Fatima Baayer ("Plaintiff" or "Ms. Baayer") filed this *pro se* case on May 17, 2018 against Judd Kyler Shader in both his individual capacity and in his capacity as CEO of Leeds West Group. Ms. Baayer is a Florida resident who owns three identical 2014 Dodge Charger Police Pursuit AWD vehicles that she had serviced at the "Big O franchise."[1] [#1 at 1–

---

[1] Plaintiff does not specifically identify which company she visited aside from referring to it as "Big O." The court interprets this as a reference to Big O Tires, an automobile repair company headquartered in Centennial, Colorado.

2].  According to Plaintiff, the Big O shops defectively repaired her vehicles, charging her inconsistent prices and using faulty parts whose failure in the course of vehicle operation posed a danger to the occupants.  *See* [*id.*].  While the allegations regarding the vehicles' repair are clear and detailed, there are few factual allegations regarding the connection between the actions of Big O Tires and Defendant Shader, either in his official capacity or in his capacity as CEO of Leeds West Groups.

Defendant filed this Motion to Dismiss for failure to state a claim under Rule 12(b)(6) on June 6, 2018 [#5].  Defendant filed her Response on June 22, 2018 [#8], and Defendant filed a Reply on June 29, 2018 [#9].  The matter is now fully briefed and ready for disposition.

**LEGAL STANDARD**

Rule 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To state a claim, a complaint must contain factual allegations that, when taken as true, establish a claim for relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Plausibility is distinct from, and more demanding than, mere conceivability.  *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012).

When reviewing a motion to dismiss under Rule 12(b)(6), a court accepts as true all well-pleaded factual allegations and views those allegations in the light most favorable to the plaintiff.  *Sec. & Exch. Comm'n v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014).  Legal conclusions, whether presented as such or masquerading as factual allegations, are not afforded such deference.  *Dahn v. Amedei*, 867 F.3d 1178, 1185 (10th Cir. 2017).  An unadorned, conclusory recitation of the elements of the cause of action does not meet this standard.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A court must liberally construe a *pro se* party's pleadings and will not dismiss his claims under Rule 12(b)(6) if the court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail . . . despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Tatten v. City and Cty. of Denver*, 730 F. App'x 620, 623–24 (10th Cir. 2018) (reviewing the rule in Hall and its rationale). But a court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009) ("[Court's] role is not to act as [pro se litigant's] advocate.").

## ANALYSIS

Plaintiff fails to state a claim upon which relief can be granted because she does not link the conduct at issue with the Defendants in any manner, let alone a plausible one. Affording the *pro se* Plaintiff a liberal construction of the Complaint does not change this conclusion because the near-complete absence of factual allegations on this point leaves the court with nothing to liberally construe. As noted, Plaintiff has made ample allegations of fact, but only as to Big O Tires; the allegations against the parties actually joined in this case do not rise to the level of threadbare. There are no allegations regarding any affirmative conduct by Defendant, and the company he heads, Leeds West Groups, is not mentioned at all in the Complaint.

In fact, Defendant Shader is mentioned only once in the Complaint, and only in the fourth claim for relief based on deceptive trade practices and then several levels removed from the allegations at issue. *See* [*id.* at 4] ("[These deceptive trade practices] appear[] to be allowed by the current district manager 'Wil Cancanon' and appears to further be condoned by 'Tim Moran'

and ultimately 'Judd Kyle Shader' since this has been brought to their attention and do not want to address the issues of quality but, instead non-relevance acceptance of invoices, even though said invoices were not signed due to employees not requesting or even presenting it, to which 'Tim Moran' believes exist."). The only factual allegation regarding Defendant Shader is that he "appears" to condone Tim Moran's apparent approval of Wil Concanon's apparent approval of deceptive trade practices occurring at local Big O Tire facilities. [*Id.*]. At no point does Plaintiff link Defendant Shafer to Big O Tires, or the conduct at issue, nor does Plaintiff link Leeds West Groups to Big O Tires or the conduct at issue.

Accordingly, this court finds that Plaintiff has inadequately alleged any causal nexus between the action of Defendant and the alleged injury to Plaintiff. Thus, the Motion to Dismiss must be granted, but with leave to refile. Where a complaint fails to state a claim under Rule 12(b)(6), dismissal without prejudice is appropriate where granting leave to amend would not be futile, and generally, the court will permit plaintiff to cure her defects through amendment at least in the first instance. *See The Sherwin-Williams Co. v. SUSE, LLC*, No. 2:15-CV-129-JNP-DBP, 2015 WL 10990185, at *7 (D. Utah Oct. 23, 2015) (citing *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006). To the extent that Plaintiff chooses to file an Amended Complaint, she is advised that she must address the deficiencies identified in this Memorandum Opinion and Order, or her amended pleading may be subject to dismissal.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that:

(1) Defendant Judd Kyler Shader's Motion to Dismiss [#5] is **GRANTED**; and

(2) Plaintiff Baayer is **GRANTED** leave to file an amended complaint on or before **November 30, 2018**.

DATED: October 30, 2018                        BY THE COURT:

_United States Magistrate Judge_